## Weight Marking on Meat Packages

RAYMOND C. MILLER, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, April 11, 1958.—You ask (1) If the practice of several meat packers in omitting to mark the net weight of the contents on cellophane (or cellophane-type material) wrapped smoked ham butts, bologna and similar meat products for sale and delivery to retailers, is a violation of the Act of July 24, 1913, P. L. 965, as amended, 76 PS §§241 to 250, commonly known as The Commodity Law; and (2) if your department may, by regulation, provide that meat or meat products, when wrapped or encased by the processor, wholesaler or distributor, for sanitation purposes and so sold to a retailer, are exempt from the packaging requirements of The Commodity Law.

Section 1 of the act, 76 PS §241, defines the word "package", as follows:

"The word 'package', as used in this act, shall mean everything containing one or more than one unit of any commodity, tied or bound together, or put up in box, bag, pack, bundle, container, bottle, jar, can or any other form of receptacle or vessel, not considered as an approved measure, except cases, cartons, crates, bundles or bales used for bulk shipping or storage: Provided, That enclosed packages are marked as to weight, measure or numerical count."

The ham butts, bologna and other meat products which are the subject of your inquiry are individually encased in a bag-like cellophane or cellophane-type material which is sealed on three sides. The other side is fastened by a metal or other type of closure device so that the contents are sealed off to prevent loss of weight by evaporation.

The name and address of the processor, packer or wholesaler, as well as the brand name, is usually printed on the wrapper, and a space is provided for marking the net weight of the contents thereon.

A meat product which is wrapped as above described

comes within the definition of "package" as defined in the statute.

Section 2 of the act, 76 PS §242 provides, inter alia, as follows:

"(2) All meat and meat products, poultry and poultry products, except eggs, shall be sold by weight; only eggs may be sold by numerical count."

Section 7 of the act, 76 PS §247, prohibits the sale, distribution or possession with intent to distribute or sell commodities in package form unless the contents are clearly marked on the outside of the package in terms of weight, measure or numerical count.

Section 7.1 of the act, 76 PS §247.1 provides that the Secretary of Internal Affairs may adopt regulations necessary to effectuate the act, provided the regulations are not inconsistent with the act.

In 1947-1948 Op. Atty. Gen. 30, 33, wherein the sale of commodities wrapped in package form was discussed, such as cheese cut from large cakes into small cakes, etc., it was held:

"Further, it is a violation of section 7 of the Commodities Act for a retail merchant to have in his possession, with intent to sell or distribute, a commodity, as defined in the act, wrapped in package form and unmarked as to net quantity of its contents.

"However, commodities not considered as packages within the meaning of the act, or labeled as to net contents at the time of sale, must be counted, measured, or weighed in full view of the customer, if he is present at the time of sale, and a statement of the result of the counting, measuring, or weighing communicated at once to the purchaser by the person making the sale. If the customer is not present at the time the commodities are counted, measured, or weighed, each commodity must be marked to show its net content in weight, measure, or numerical count, or must be accompanied by a statement clearly indicating such weight, measure, or numerical count."

Under our interpretation of the provisions of The Commodity Law: (1) Meat products must be sold by weight; (2) meat products when wrapped in cellophane or similar materials in the manner herein described constitute a package as defined by the act, and (3) the act requires the net weight of the contents to be plainly marked on the package when the product is sold in package form and not by weighing it in front of the customer.

This brings us to the conclusion that a regulation exempting meat packers, wholesalers, processors or other distributors from marking the net weight on cellophane (or cellophane-type material) wrapped smoked ham butts, bologna and similar meat products for sale and delivery to retailers would be inconsistent with the provisions of the act unless you condition such exemption on the packer, wholesaler, processor or distributor's weighing the product in front of the retailer.

It is our opinion, therefore, and you are accordingly advised that the Act of July 24, 1913, P. L. 965, 76 PS §§241 to 250, commonly referred to as The Commodity Law, requires: (1) That the net weight of meat and meat products such as bologna and ham butts, when contained in closed cellophane or like-type wrappings, must be plainly marked on each package if the processor, wholesaler, packer or other person makes sale or distribution of them in package form to a retailer; (2) that such net weight need not be marked where the product is weighed in full view of the purchaser; and (3) that a regulation exempting processors, packers, wholesalers or other distributors from complying with the marking requirements of point (1) above may only be adopted if it requires the seller to weigh the product in full view of the customer.

These conclusions are equally applicable to sales by retailers to consumers since the act makes no distinction based on who is making the sale.